FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 APR 10 PM 4 26

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GILBERTO PINON-AYON, | |
| Petitioner, | Case No. 12–CV–17–ABJ |
| v. | (Criminal No. 09–CR–210–ABJ–2) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Petitioner Gilberto Pinon-Ayon was convicted of conspiracy to possess with intent to distribute, and to distribute, methamphetamine and sentenced to 121 months in prison. He has now filed a motion under 28 U.S.C. § 2255 asking this Court to vacate, set aside, or correct his sentence. He argues that he received ineffective assistance of counsel in violation of the Sixth Amendment and that his sentence is procedurally unreasonable. Because the Court concludes that none of Petitioner's arguments has merit, the Court **DENIES** Petitioner's motion.

## FACTS

In 2009, law enforcement agents set up a controlled buy of methamphetamine from Rosalio Pedraza to take place near Cheyenne, Wyoming. Mr. Pedraza showed up for the controlled buy in a car being driven by Petitioner Gilberto Pinon-Ayon and, once Petitioner and Mr. Pedraza arrived, the police arrested them, searched the car, and found a bag of methamphetamine hidden in the car's center console.

A few weeks later, a grand jury indicted Petitioner and Mr. Pedraza for conspiracy to possess with intent to distribute, and to distribute, methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. Petitioner elected to go to trial, but Mr. Pedraza elected to plead guilty and agreed to provide testimony against Petitioner as part of his plea agreement. At trial, Mr. Pedraza testified that Petitioner had agreed to drive him from Denver to Cheyenne for $300 and that Mr. Pedraza had informed Petitioner that the purpose of the trip was to sell methamphetamine. Mr. Pedraza also testified that, before leaving Denver for Cheyenne, Mr. Pedraza gave Petitioner a bag containing the methamphetamine and told him to hide it, which Petitioner did by hiding the bag in the car's center console. Later at trial, Petitioner took the stand in his own defense and testified that he didn't know the bag Mr. Pedraza gave him contained methamphetamine.

Before submitting the case to the jury, the court conferenced with the prosecution and defense counsel to discuss jury instructions. Defense counsel had previously submitted proposed jury instructions to the court, which included an instruction telling the jury to weigh accomplice testimony (such as Mr. Pedraza's testimony) with greater caution and care. The court adopted

that proposed instruction and instructed the jury, "You should receive [accomplice] testimony, however, with caution and weigh it with great care." Trial Tr. vol. 4, 356:19–20, ECF No. 95.[1] The court also gave a general instruction about weighing the credibility of witness testimony, and it gave the following instruction regarding Petitioner's testimony: "The testimony of a defendant should be judged in the same manner as the testimony of any other witness." Trial Tr. vol. 3, 329:25–330:2, ECF No. 94. After the court instructed the jury and submitted the case for its deliberations, the jury returned a verdict finding Petitioner guilty of conspiracy to possess with intent to distribute, and to distribute, methamphetamine.

At Petitioner's later sentencing hearing, the court imposed a two-level sentence enhancement for obstruction of justice and another two-level enhancement for relevant conduct under the United States Sentencing Guidelines (Guidelines). The court offset these enhancements, however, by applying a four-level sentence deduction to avoid a sentencing disparity between Petitioner and Mr. Pedraza. The court then sentenced Petitioner to 121 months in prison.

Petitioner appealed that sentence, arguing that the sentence enhancements for obstruction of justice and relevant conduct were improper. The Tenth Circuit vacated Petitioner's sentence and remanded for resentencing because the district court had imposed the obstruction of justice enhancement without making specific and independent findings as required by *United States v. Dunnigan*, 507 U.S. 87, 95 (1993). *See United States v. Pinon-Ayon*, 392 F. App'x 648, 648

---

[1] All citations to the trial transcript, Petitioner's sentencing hearing transcript, Petitioner's resentencing hearing transcript, and Defendant's proposed jury instructions are to docket entries in *United States v. Pinon-Ayon*, No. 09–CR–210–ABJ–2.

(10th Cir. 2010) (unpublished). On remand, the Government abandoned its request for the obstruction of justice and relevant conduct enhancements. Nevertheless, defense counsel urged the court to reapply the four-level deduction from the previous sentencing, but the court rejected that proposal and imposed the same 121-month sentence it had previously imposed.

Petitioner appealed that sentence too. This time he argued that his sentence was substantively unreasonable. Specifically, Petitioner argued that he deserved a shorter sentence than Mr. Pedraza's 120-month sentence because Mr. Pedraza was a drug dealer with an extensive criminal record while Petitioner was just a drug mule. The Tenth Circuit rejected that argument, granted defense counsel's motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), and dismissed the appeal. *See United States v. Pinon-Ayon*, 438 F. App'x 722, 724 (10th Cir. 2011) (unpublished).

Petitioner then filed a motion under 28 U.S.C. § 2255 asking this Court to vacate, set aside, or correct his sentence on the ground that he received ineffective assistance of counsel at his resentencing hearing in violation of the Sixth Amendment. He contended that defense counsel was ineffective for failing to argue for offense level deductions based on Petitioner's minor participation in the conspiracy and to avoid an unwarranted sentencing disparity under 18 U.S.C. § 3553(a)(6). The Government argued that Petitioner's claims lacked merit because defense counsel had made those arguments at the resentencing hearing.

Petitioner then amended his § 2255 motion, abandoning his argument that defense counsel rendered defective assistance by not arguing for offense level deductions and raising several new arguments. Petitioner now argues that defense counsel was ineffective in three ways.

- 5 -

First, defense counsel failed to ask the district court for an instruction warning the jury about the dangers of accomplice testimony. Second, defense counsel failed to object to the court's instruction regarding Petitioner's testimony. Third, defense counsel failed to object when the court revisited whether to apply the four-level sentencing deduction at Petitioner's resentencing hearing. Petitioner also argues that his sentence is procedurally unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a) sentencing factors and relied on an improper sentencing factor—Petitioner's decision to stand on his constitutional right to go to trial. The Government argues that none of Petitioner's new arguments has merit and urges the Court to deny Petitioner's motion.

The Court will discuss each of Petitioner's arguments in turn. A brief conclusion follows.

## DISCUSSION

### I. Ineffective Assistance for Failing to Ask for Accomplice Testimony Instruction

Petitioner's accomplice, Mr. Pedraza, testified at trial that Petitioner had agreed to give Mr. Pedraza a ride from Denver to Cheyenne for $300, that Petitioner knew the purpose of the trip was to sell methamphetamine, and that Petitioner hid the bag containing the methamphetamine in the car's center console. Petitioner's first claim is that defense counsel was ineffective for failing to ask the court for an instruction warning the jury about the dangers of this accomplice testimony, and that appellate counsel was ineffective for failing to raise this issue on appeal. The Court rejects this claim.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established the rules governing ineffective assistance claims. "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). "To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Id.* (internal quotation marks omitted); *see Strickland*, 466 U.S. at 688 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."). A petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To establish *Strickland*'s prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Regarding accomplice testimony, it's true that courts view an accomplice's testimony against a fellow accomplice with a gimlet eye. Such suspicion is warranted because, as Justice Jackson put it, "[t]he use of informers, accessories, accomplices, false friends, or any of the other betrayals which are 'dirty business' may raise serious questions of credibility." *On Lee v. United States*, 342 U.S. 747, 757 (1952). Thus, the Tenth Circuit has held, "if the testimony of an accomplice is uncorroborated, the court must instruct the jury that testimony of accomplices must be carefully scrutinized, weighed with great care, and received with caution," and a "failure

to instruct on uncorroborated accomplices' testimony constitutes plain error." *United States v. Hill*, 627 F.2d 1052, 1053 (10th Cir. 1980).

While this Court accepts the necessity of an instruction on the perils of accomplice testimony, it rejects Petitioner's claim that defense counsel was ineffective for failing to ask for such an instruction. Petitioner's claim fails on both components of *Strickland*. On performance, Petitioner has this problem: Defense counsel *did* ask the court for an instruction on accomplice testimony. *See* Def.'s Proposed Jury Instructions 34, ECF No. 46. Petitioner thus can't show deficient performance either by defense counsel in failing to ask for such an instruction or by appellate counsel in failing to raise the issue on appeal. Petitioner's claim also fails on *Strickland*'s prejudice prong because the court *did* instruct the jury regarding accomplice testimony, stating, "You should receive [accomplice] testimony, however, with caution and weigh it with great care." Trial Tr. vol. 4, 356:19–20, ECF No. 95. Even assuming defense counsel had failed to request an accomplice instruction, that failure would not have hurt Petitioner because the court warned the jury about the dangers of Mr. Pedraza's testimony. Thus, because Petitioner's first claim fails on both components of *Strickland*, the Court rejects it.

## II.     Ineffective Assistance for Failing to Object to Instruction on Petitioner's Testimony

Before sending the jury off to deliberate, the court gave the following instruction: "The testimony of a defendant should be judged in the same manner as the testimony of any other witness." Trial Tr. vol. 3, 329:25–330:2, ECF No. 94. Petitioner's second claim is that defense counsel was ineffective for failing to object to that instruction, and appellate counsel was

ineffective for failing to raise the instruction on appeal. According to Petitioner, the instruction impermissibly allowed the jury to evaluate Petitioner and Mr. Pedraza's testimony in the same way even though the jury should have evaluated Mr. Pedraza's accomplice testimony with greater caution and care.

The Court starts with this rule: If an objection is meritless, defense counsel is not ineffective for failing to raise it. *See Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006) (holding that counsel was not ineffective for failing to assert a meritless argument at trial); *Miller v. Mullin*, 354 F.3d 1288, 1298 (10th Cir. 2004) ("[I]f the issue is meritless, its omission will not constitute deficient performance."). Here, the Court rejects Petitioner's second ineffectiveness claim because an objection to the court's instruction about Petitioner's testimony would have been meritless. This is so for three reasons.

First, instructing the jury to evaluate Petitioner's testimony in the same manner as the testimony of any other witness worked to Petitioner's advantage by preventing the court from commenting on Petitioner's incentive to lie to avoid conviction. *See United States v. Gaines*, 457 F.3d 238, 246 (2d Cir. 2006) (disapproving jury instruction telling the jury that a criminal defendant's interest in the outcome of the case creates a motive to testify falsely); *United States v. Dwyer*, 843 F.2d 60, 63 (1st Cir. 1988) (disapproving jury instruction that placed undue emphasis on criminal defendant's self-interest and could have suggested to jury not to trust defendant's testimony). No defense lawyer worth his salt would object to an instruction like the one here—one that *helps* the client's cause. Second, the court's instruction about Petitioner's testimony is a model instruction, and the Court does not believe prevailing professional norms

required defense counsel to object to it. *See* U.S. Court of Appeals for the Tenth Circuit, *Criminal Pattern Jury Instructions* No. 1.08 (2011); 1A Kevin F. O'Malley et al., *Federal Jury Practice and Instructions* § 15.12 (6th ed. 2008)

Third, and contrary to Petitioner's assertion, the court's instruction did not permit the jury to evaluate the testimony of Petitioner and Mr. Pedraza in the same way. Courts "presume jurors attend closely to the language of the instructions in a criminal case and follow the instructions given them." *United States v. Almaraz*, 306 F.3d 1031, 1037 (10th Cir. 2002). Here, the court first gave the jury a general instruction about the credibility of witness testimony, including Petitioner's testimony. *See* Trial Tr. vol. 3, 328:6–330:2, ECF No. 94. Later, the court gave a specific instruction regarding Mr. Pedraza's testimony, warning the jurors to evaluate his testimony as an accomplice with greater caution and care. *See* Trial Tr. vol. 4, 355:17–356:25, ECF No. 95. Because this Court presumes the jury followed these instructions, it presumes the jury evaluated Mr. Pedraza's testimony with greater caution and care than Petitioner's testimony. Thus, an objection to the court's instruction about Petitioner's testimony would have been meritless for the additional reason that the instruction did not create the problem Petitioner asserts.

In sum, any objection to the court's instruction about Petitioner's testimony would have been meritless because the instruction helped Petitioner's cause, is a model jury instruction, and did not create the problem Petitioner suggests. And, because an objection would have been meritless, neither defense counsel nor appellate counsel was ineffective for failing to challenge the court's instruction. Petitioner's second claim thus fails on *Strickland*'s performance prong.

### III. Ineffective Assistance for Failing to Argue the "Mandate Rule"

A brief recap of the facts helps frame Petitioner's third claim. At Petitioner's first sentencing hearing, the court imposed a two-level sentence enhancement for obstruction of justice and another two-level enhancement for relevant conduct. But the court offset those enhancements with a four-level deduction to avoid a sentencing disparity between Petitioner and his accomplice, Mr. Pedraza. On appeal, the Tenth Circuit vacated Petitioner's sentence and remanded for resentencing because the district court had imposed the obstruction of justice enhancement without making specific and independent findings as required by *United States v. Dunnigan*, 507 U.S. 87, 95 (1993). At resentencing, the Government abandoned its request for obstruction of justice and relevant conduct enhancements. Defense counsel nonetheless urged the court to reapply the four-level deduction from the first sentencing, but the court refused to do so and imposed the same 121-month sentence it had originally imposed.

Petitioner argues that the court had no authority to reconsider the four-level deduction at resentencing. According to Petitioner, the scope of the Tenth Circuit's remand included only issues concerning his sentence enhancements, thus precluding the court from revisiting the four-level deduction from the first sentencing. When the court reconsidered the four-level deduction, Petitioner contends it violated the "mandate rule" by exceeding the scope of the Tenth Circuit's remand, and defense counsel and appellate counsel were ineffective for failing to raise this issue.

The Court again starts with this rule: If an argument is meritless, defense counsel is not ineffective for failing to make it. *See Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006) (holding that trial counsel was not ineffective for failing to assert a meritless argument at trial);

*Miller v. Mullin*, 354 F.3d 1288, 1298 (10th Cir. 2004) ("[I]f the issue is meritless, its omission will not constitute deficient performance."). Here, defense counsel was not ineffective for failing to make an argument based on the mandate rule because such an argument lacks merit.

Petitioner's argument rests on a misunderstanding of the mandate rule. That rule encompasses two types of mandates—the specific and the general. *See United States v. Lang*, 405 F.3d 1060, 1064 (10th Cir. 2005) (discussing the difference between specific and general mandates). With a specific mandate, the appellate court provides specific instructions to the district court about what to do on remand, and the general rule is the district court must follow those instructions. *See, e.g., United States v. Webb*, 98 F.3d 585, 587–88 (10th Cir. 1996) (holding that where the appellate court had specifically instructed the district court to sentence the defendant within guideline range of 27–33 months, the mandate rule required the district court to impose a sentence within that range). However, with a general mandate, the appellate court remands for resentencing but provides no specific instructions for the district court. The rule in that case is "the lower court must begin anew with *de novo* proceedings" and "generally has discretion to expand the resentencing beyond the sentencing error causing the reversal." *United States v. Moore*, 83 F.3d 1231, 1234 (10th Cir. 1996). In other words, if the appellate court issues a general mandate, the district court may "expand the scope of the resentencing beyond the issue that resulted in reversal and vacation of sentence." *Id.* at 1235.

Petitioner believes that the Tenth Circuit issued a specific mandate in this case, but he's wrong about that. The Tenth Circuit didn't provide the district court with specific instructions about what to do on remand; it simply vacated Petitioner's sentence and remanded for

resentencing. *United States v. Pinon-Ayon*, 392 F. App'x 648, 648 (10th Cir. 2010) (unpublished). The district court thus properly conducted a de novo resentencing and was free to revisit any number of issues during that hearing, including whether to reapply the four-level deduction from the first sentencing. The argument that the district court violated the mandate rule by reconsidering the four-level deduction therefore lacks merit, and neither defense counsel nor appellate counsel was ineffective in failing to make that argument. Petitioner's third claim fails on *Strickland*'s performance prong.

## IV.  Procedurally Unreasonable Sentence

Petitioner's final claim is that his sentence is procedurally unreasonable because the court failed to consider the sentencing factors in 18 U.S.C. § 3553(a) and relied on an improper sentencing factor—Petitioner's decision to stand on his constitutional right to a jury trial. The Court rejects Petitioner's final claim because the record demonstrates that the court considered the § 3553(a) factors and did not use Petitioner's decision to go to trial as a factor in favor of a longer sentence.

The Tenth Circuit has held that a sentence is procedurally unreasonable if the district court "fails to consider the § 3553(a) factors." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). A sentence also can be procedurally unreasonable if the district court relies on an improper factor in reaching its sentence. *See United States v. Whiteskunk*, 162 F.3d 1244, 1250 (10th Cir. 1998).

Petitioner contends that his sentence is procedurally unreasonable because the court failed to consider the § 3553(a) factors at his resentencing hearing. The record contradicts that contention. Section 3553 requires a district court to consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The court considered the nature and circumstances of Petitioner's involvement in the drug conspiracy, and sentenced him to the low end of the Guidelines range, in part, because he was only the mule in this case. *See* Resentencing Hr'g Tr. 13:15–19, ECF No. 125. The court also considered Petitioner's history, noting his lack of a significant criminal history but also noting his previous drug involvement with Mr. Pedraza. *See id.* at 13:4–21. The court also responded to Petitioner's § 3553(a) argument that he should have received a lesser sentence than Mr. Pedraza because of his relatively minor role in the conspiracy. The court reasoned that the similarity in sentences between Petitioner and Mr. Pedraza was justified given that Mr. Pedraza had accepted responsibility for his crimes and had assisted the Government but Petitioner had not. *See id.* at 12:23–13:3; *United States v. Pinon-Ayon*, 438 F. App'x 722, 724 (10th Cir. 2011) (unpublished) (stating, "Pedraza, unlike Defendant, accepted responsibility for his crimes and provided assistance to the government"). Thus, the record shows that the court did consider the § 3553(a) factors, and Petitioner's argument that the court's failure to do so rendered his sentence procedurally unreasonable therefore lacks merit.

Petitioner further contends that his sentence is procedurally unreasonable because the court imposed a longer sentence to punish Petitioner for standing on his constitutional right to a jury trial. But the record contradicts that contention as well. Rather than punishing Petitioner for

going to trial, the court merely observed that a defendant who goes to trial generally is not eligible for an offense level deduction based on acceptance of responsibility. Resentencing Hr'g Tr. 12:23–13:3, ECF No. 125; *see* U.S. Sentencing Guidelines Manual § 3E1.1 cmt. 2 (2012). In fact, the court showed sympathy, not animus, towards Petitioner's decision to go to trial, stating that his ineligibility for a deduction based on acceptance of responsibility was an unfortunate consequence of the Guidelines. Resentencing Hr'g Tr. 12:24–13:1, ECF No. 125 (stating that, by going to trial, "the defendant lost the possibility of an acceptance of responsibility being included in his calculation, unfortunately"). The record thus contradicts Petitioner's argument that the court considered his decision to go to trial as a factor in favor of a longer sentence.

In short, because the record demonstrates that the court considered the § 3553(a) sentencing factors and did not rely on an improper sentencing factor, this Court rejects Petitioner's argument that his sentence is procedurally unreasonable.

## V.     Evidentiary Hearing

Section 2255 provides that a district court should hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Here, the Court concludes that Petitioner's motion and the record and files of this case conclusively show that he's not entitled to relief. The Court thus denies Petitioner an evidentiary hearing. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no evidentiary hearing is required if the record conclusively shows that the petitioner is not entitled to relief).

## VI. Certificate of Appealability

The rules governing § 2255 proceedings state, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Here, because reasonable jurists could not debate the correctness of the Court's disposition, the Court denies Petitioner a certificate of appealability.

## CONCLUSION

Petitioner's ineffective assistance of counsel claims lack merit. So does his claim that his sentence is procedurally unreasonable. The Court therefore **DENIES** Petitioner's § 2255 motion, **DENIES** an evidentiary hearing, and **DENIES** a certificate of appealability.

Dated this 10th day of April, 2013.

Alan B. Johnson
United States District Judge